IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VICTOR MANUEL ESTRADA PEREZ,**

    Petitioner,

vs.                                    Case No. 4:13cv263-RH/CAS

**STATE OF FLORIDA,**

    Respondent.

                                      /

## AMENDED REPORT AND RECOMMENDATION

After a report and recommendation was entered in another case initiated by Petitioner (case number 4:13cv189), Petitioner submitted another habeas petition, doc. 4, and in forma pauperis motion, doc. 5. Because it seemed clear that the second petition was intended to be opened in a new case, and because Petitioner also submitted an in forma pauperis motion, an Order was entered directing the Clerk to open the new case for Petitioner. A copy of that Order was filed in this, Petitioner's second habeas petition. Doc. 4. On May 6, 2013, a report and recommendation was entered in this case recommending denial of Petitioner's in forma pauperis motion as the printout of the Detainee Transaction History for Petitioner reveals that Petitioner regularly receives work release paychecks while in detention. Doc. 2. On April 2, 2013,

the final transaction on the History report showed that Petitioner had a balance of $101.00 and, thus, it was recommended that the in forma pauperis motion, doc. 2, be denied and Petitioner required to pay the $5.00 filing fee for this case. Doc. 5. On May 13, 2013, the filing fee was paid for this case. Therefore, the report and recommendation, doc. 5, previously entered is now amended as explained in greater detail below.

Petitioner states in the habeas petition that he is currently housed at Krome Service Processing Center in Miami, Florida. Doc. 1. Notably, at the top of the petition, Petitioner indicated this case was to be filed in "Naples, Fl." Division of this Court. Doc. 1 at 1. Naples is not located in the Northern District of Florida but in Collier County which is in the Middle District of Florida. Doc. 1 at 1. Thus, it is not clear that Petitioner intended for this case to proceed here.

Indeed, because Petitioner is currently detained at the Krome Service Processing Center in Miami, Florida, this case should be transferred to the Southern District of Florida. Generally, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), when a "§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, Petitioner named the State of Florida as Respondent because Petitioner seeks to vacate a state court conviction on the basis that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea. Doc. 1. It is unclear when Petitioner entered that plea, although Petitioner indicates his appeal was denied on November 8, 2011.

*Id.* at 2. Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty and holding that Strickland[1] applies to such claims. The Supreme Court has recently held in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013). Because it cannot be determined from the instant petition whether or not Petitioner's conviction may be challenged under Padilla, and because Petitioner did not file in the district of confinement, this action should be transferred to the Southern District of Florida where Petitioner is housed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 15, 2013.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**